### ROLLINS v. BARNES.

(Supreme Court, Appellate Division, Second Department. December 30, 1896.)

MORTGAGES—CONSIDERATION—BONA FIDE PURCHASER.

    A purchaser in good faith, for less than the face value of a mortgage executed for accommodation, can enforce it only for the amount paid by him.

Appeal from judgment on report of referee.

Action by Edward A. Rollins, as surviving partner of the firm of Rollins & Co., against Everett Barnes, to foreclose a mortgage. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Henry Parsons, for appellant.

George W. Poucher, for respondent.

HATCH, J. The purpose of this action is to foreclose a mortgage. The complaint alleged that the mortgage was made to secure a bond in the sum of $3,500, executed by the defendant to one Francis J. Sheehan, and was by said Sheehan assigned to the plaintiff in the action, who thereby became the owner for the full amount secured thereby. The answer alleged that the bond and mortgage were made upon request of one. Reon Barnes, a brother of the defendant, for the accommodation of the former, and for the purpose of being used as collateral security for the extension and payment of a loan of $2,000 theretofore made by plaintiff to said Reon, of all which the plaintiff had full knowledge at the time of the making of said assignment, and that this was the only consideration therefor. It appeared upon the trial, without dispute, that the mortgage was made by the defendant at Reon Barnes' request, to Sheehan, who was a clerk in the office of Reon Barnes, and Sheehan, in like manner, upon request, assigned the same to plaintiff. It is therefore made clear that the mortgage in Sheehan's hands had no valid inception, and it was without vitality until assigned by the latter to plaintiff. It is without dispute that plaintiff only advanced to Reon Barnes the sum of $2,000 for the mortgage, and this fact is unaffected whether the transaction between plaintiff and Reon Barnes be treated as an extension of a loan already in existence, or as a direct loan of $2,000, or whether it was an absolute sale, as the referee has found.

The legal effect of the transaction, as between the parties to this action, remains the same whatever the fact be. When plaintiff took the assignment of the mortgage, he took it charged with whatever equities then existed against it in favor of defendant. In Sheehan's hands it was unenforceable. As it could not then be enforced, so it could not thereafter be enforced for any greater equity than a bona fide purchaser acquired therein. By the execution of the mortgage, defendant had placed it in the power of Sheehan or Reon Barnes to negotiate it, and, if they negotiated it for its face, it would become in the hands of a purchaser a bona fide lien to that extent. But no purchaser could, as against the defendant, acquire any greater in-

terest therein than the value he parted with. Consequently, as plaintiff concededly paid but $2,000 for the mortgage, that sum represented the amount to which he became entitled to have the same enforced. The judgment ordered by the referee allows a recovery for the full amount secured by the mortgage.

As plaintiff is only entitled to enforce the mortgage for the sum of $2,000, the judgment should be reversed, unless plaintiff stipulates within 20 days after service of the order entered herein to reduce the same to $2,000 and interest thereon; and, if he so stipulates, the judgment will be affirmed, without costs of this appeal to either party. All concur, except BRADLEY, J., who concurs in the result.